**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**TAMIKA PLEDGER,**

                Petitioner,

      v.                                      CASE NO. 20-3168-SAC

**GLORIA GEITHER,**

                Respondent.

**MEMOARNDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and a responsive pleading is pending.

Petitioner was convicted of involuntary manslaughter and three counts of aggravated battery after she struck a group of young people with her car. *State v. Pledger*, 440 P.3d 625 (Table), 2019 WL 2063903 (Kan. Ct. App. May 10, 2019), *rev. denied*, Dec. 19, 2019. Petitioner has filed a motion for discovery (Doc. 7) and a motion for leave to file exhibits conventionally (Doc. 8).

In her motion for discovery, plaintiff seeks toxicology reports, her Pre-Sentence Investigation, a psychological evaluation of her, and dashcam video from the day of the incident.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Instead, the Rules Governing Habeas Corpus allow the court, in its discretion, to authorize discovery "for good cause shown". Rule 6(a), Rules Governing Habeas

Corpus, foll. 28 U.S.C. § 2254. *See Simpson v. Carpenter*, 912 F.3d 542, 576 (10th Cir. 2018) ("Good cause [for discovery] is established where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.") (quotation omitted).

The Court has considered the petitioner's requests and concludes she has not shown good cause for discovery. The materials petitioner seeks do not appear to be sufficiently related to her claims of constitutional error in this matter to warrant their inclusion in the record.

Petitioner also moves to file exhibits, namely, a videotape of the gathering on the day of the incident before she arrived and a recording concerning petitioner's car to show it was taken to Missouri after the events that led to her conviction.

Rule 7(a) of the Habeas Corpus Rules allows the court to direct the expansion of the record by submitting materials related to the petition. However, in *Cullen v. Pinholster*, 563 U.S. 170 (2011), the U.S. Supreme Court explained that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. at 181. Accordingly, evidence that was not presented in the state court generally is inadmissible in the following habeas corpus proceeding. *See Ryan v. Gonzales*, 568 U.S. 57, 75 (2013). The Tenth Circuit has stated that the *Pinholster* ruling, which arose from evidence admitted in an evidentiary hearing, also applies to motions for discovery and expansion of the record. *See Linzy v. Faulk*, 602 Fed. Appx. 701, 704 n. 7 (10th Cir. 2015)(stating motion to expand the record was "properly denied under *Cullen v. Pinholster*").

Having considered the record, the court will deny the motion to submit exhibits. It does not appear that the materials in question were submitted in the state court, nor does it appear that they are relevant to the determination of petitioner's claims of constitutional error.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for discovery (Doc. 7) and motion for leave to file exhibits conventionally (Doc. 8) are denied.

**IT IS SO ORDERED.**

DATED:  This 8th day of October, 2020, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judg