IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMIKA PLEDGER,                        )
                                       )
                    Petitioner,        )
                                       )
    v.                                 )    Case No. 20-3168-JWL
                                       )
GLORIA GEITHER, Warden,                )
Topeka Correctional Facility,          )
                                       )
                    Respondent.        )
                                       )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court[1] on Tamika Pledger's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1). For the reasons set forth below, the Court **denies** the petition. In addition, petitioner's motion to seal (Doc. # 29) is **granted in part and denied in part**; the motion is granted with respect to the record of this case, and petitioner's current address will remain sealed, but the motion is otherwise denied.

### I. Background

In May 2017, in the District Court of Wyandotte County, Kansas, a jury convicted petitioner of one count of involuntary manslaughter and three counts of reckless aggravated battery. The charges stemmed from an incident in which petitioner struck four young

---

[1] This case was reassigned to the undersigned judge on October 19, 2021.

people with her car. The state court imposed a sentence of 32 months on each count, with one sentence to run consecutive to the others, for a total term of imprisonment of 64 months. Kansas Court of Appeals (KCOA) affirmed the convictions and sentence in a lengthy opinion, and the Kansas Supreme Court denied review. *See State v. Pledger*, 2019 WL 2063903 (Kan. Ct. App. May 10, 2019) (unpub. op.), *rev. denied* (Kan. Dec. 19, 2019). On June 22, 2020, petitioner filed the instant petition *pro se*, to which the State responded, and in support of which petitioner has filed several briefs.

**II.     Governing Standards**

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides for consideration of a prisoner's writ of habeas corpus on the ground that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). The petitioner must exhaust state court remedies. *See id.* § 2254(b), (c). Relief shall not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See id.* § 2254(d). The standard is very strict, as explained by the Tenth Circuit:

> The [state court] rejected this claim on the merits. Our review is therefore governed by the AEDPA, which erects a formidable barrier to federal habeas

relief and requires federal courts to give significant deference to state court decisions on the merits.

. . .

Clearly established law is determined by the United States Supreme Court, and refers to the Court's holdings, as opposed to the dicta. A state court decision is "contrary to" the Supreme Court's clearly established precedent if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.

A state court decision is an "unreasonable application" of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule – like the one adopted in *Strickland* – the more leeway state courts have in reaching outcomes in case-by-case determinations. An *unreasonable* application of federal law is therefore different from an *incorrect* application of federal law.

We may issue the writ only when the petitioner shows there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents. Thus, even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. If this standard is difficult to meet – and it is – that is because it was meant to be. Indeed, AEDPA stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. Accordingly, we will not likely conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy.

*See Frost v. Pryor*, 749 F.3d 1212, 1222-24 (10th Cir. 2014) (emphasis in original) (internal quotations and citations and footnote omitted).

As noted above, a habeas petitioner must first exhaust state court remedies. *See* 28 U.S.C. § 2254(b), (c). In the Kansas courts, an issue not raised on appeal is deemed abandoned. *See State v. Edwards*, 260 Kan. 95, 98 (1996). If a state prisoner has failed to

exhaust or has procedurally defaulted a claim by failing to raise it in the state courts, the claim may be raised in the federal habeas court only if the prisoner can demonstrate cause for the failure and actual prejudice from the constitutional violation; or that the prisoner is actually innocent, meaning that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted the prisoner. *See Bousley v. United States*, 523 U.S. 614, 622-23 (1998).

### III. Analysis

#### A. *Trial Court Jurisdiction and Sufficiency of the Information*

In her first claim, petitioner argues that the KCOA erred in rejecting her argument on appeal that the trial court lacked jurisdiction over her charges. The KCOA held that that the trial court did not err in denying petitioner's motion to dismiss for a defective complaint and a lack of jurisdiction. *See Pledger*, 2019 WL 2063903, at *5-6. The court rejected petitioner's arguments that the amended information by which she was charged was defective under Kansas law and failed to advise her of the alleged facts that constituted a crime. *See id.*

In her federal habeas claim in this Court, petitioner appears to argue that she was denied due process because she was not sufficiently informed of the charges against her.[2]

---

[2] Petitioner also appears to repeat her arguments that the information was deficient and did not confer jurisdiction under Kansas law, but this Court's review is limited to issues of federal law, and it must defer to the ruling of the Kansas courts on such issues of state law.

4

It does not appear that the KCOA addressed petitioner's due process argument. The Court concludes, however, that petitioner has not shown that she is entitled to relief on this basis.

A charging instrument may violate the Constitution "by failing to provide a defendant with adequate notice of the nature and cause of the accusations filed" against her. *See Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir. 1999). Even if a lack of notice violates an offender's rights, she must show prejudice from the violation to warrant relief. *See Littlejohn v. Trammell*, 704 F.3d 817, 833 (10th Cir. 2013). In her briefs, petitioner has not addressed this standard; nor has she explained how she lacked notice of the charges against her or how she was prejudiced by any such lack of notice. As the KCOA noted in finding that the charging document satisfied Kansas law, petitioner was given notice in the amended information of the date of the alleged crimes, the alleged harm, and the criminal statutes that she was being accused of violating. *See Pledger*, 2019 WL 2063903, at *5-6. There is no suggestion that petitioner did not understand the charges by the time of trial or that she was unable to mount a defense.

The Court notes that petitioner, in briefing this claim and various other claims, repeatedly raises certain issues, but she has not succeeded in explaining how those issues are relevant to her federal constitutional claims. For instance, petitioner emphasizes that she was not cited for any traffic violations on the date in question and that she was not shown to be under the influence of drugs or alcohol; but the statutes of conviction do not require any such proof. Petitioner also notes that her victims received compensation from an insurer, but she has not cited any authority that such payments prohibit or otherwise affect her criminal prosecution. Accordingly, the Court denies this claim.

### B. *Cruel and Unusual Punishment*

In her second claim, petitioner argues that her sentence constituted cruel and unusual punishment in violation of the federal Constitution. She argues that her sentence was excessive because she lacked intent and the incident was an accident, for which an insurer paid the victims. Petitioner did not make such a claim on appeal to the KCOA, however; thus any such claim was abandoned, and she has not exhausted her available state court remedies as required. Moreover, with respect to this claim and any other claim for which she has failed to satisfy the exhaustion requirement, petitioner as not shown that such failure should be excused, as she has not shown or even argued that cause exists for the failure or that she was prejudiced thereby. Nor has petitioner shown her actual innocence, as a reasonable jury could have concluded that she acted recklessly, particularly in light of the evidence that she was traveling at a high rate of speed when she struck the victims.

This claim also fails on its merits. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *See Graham v. Florida*, 560 U.S. 48, 59-60 (2010) (citing *Harmelin v. Michigan*, 501 U.S. 957, 997, 1000-01 (1991)). Petitioner has not addressed this standard or cited any authority suggesting that her sentence was excessive in light of the crimes found by the jury. In particular, petitioner has not shown that 32-month sentences are grossly disproportionate to her crimes that caused severe injury and death to the victims. The Court therefore denies this claim.

### C. *Arraignment and Speedy Trial Violation*

In her third claim, petitioner complains that she was not arraigned and that her speedy trial rights were violated. The KCOA rejected this claim on appeal. *See Pledger*,

2019 WL 2063903, at *14-17. The court first concluded, after noting that petitioner had waived arraignment, that the delay in her trial did not violate Kansas law. *See id.* at *14-15. The court also rejected petitioner's claim of a speedy trial violation under the Sixth Amendment to the federal Constitution. *See id.* at *15-17. The KCOA applied the balancing test set forth by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972). *See id.* at *16-17. Applying that test, the court noted that the length of the delay – 840 days between the first charges and her trial – weighed in petitioner's favor, but that the other factors did not, as most of the delay resulted from petitioner's own requests for continuances; petitioner did not assert her right to a speedy trial until late in the process, when she sought dismissal; and petitioner, who had been out on bond before trial, had not shown any prejudice resulting from the delay. *See id.*

The Court concludes that this application of the *Barker* test was not unreasonable, particularly in light of the fact that the long delay was attributable mainly to her own requests for more time to prepare for trial. Petitioner in her briefs has not addressed the KCOA's reasoning or the Supreme Court's test for a constitutional speedy trial violation; thus petitioner has not shown that the KCOA applied the wrong standard or that it weighed any facts unreasonably. Accordingly, the Court denies this claim for relief.

### D. Brady *Violation*

Fourth, petitioner claims violations of the disclosure rules from *Brady v. Maryland*, 373 U.S. 83 (1963), in which the Supreme Court required that exculpatory evidence be disclosed by the prosecution to the defendant. *See id.* Petitioner makes several complaints in arguing this claim: cellular telephones and videos were not turned over; there is no

7

discovery receipt for one disclosure; and certain medical records, insurance payments to the victims, and her negative BAC test were not disclosed to the jury.

On appeal, petitioner only claimed a *Brady* violation with respect to telephones and access to her vehicle. Thus, petitioner abandoned and did not exhaust any claim with respect to any other *Brady* violation, and any such claim is therefore denied. Moreover, *Brady* only requires disclosure of evidence to the defendant, and petitioner has not identified any federal law that would have required submission of certain evidence to the jury.

The KCOA rejected petitioner's *Brady* argument on appeal. *See Pledger*, 2019 WL 2063903, at * 6-7. The court noted that petitioner had not shown that any evidence had been withheld, how the evidence was helpful to her case, or how she suffered any prejudice from the alleged violation. *See id.* In her briefs to this Court, petitioner has not addressed the KCOA's reasoning or the federal constitutional standard. Even in the present habeas action, petitioner has failed to provide the evidence that she claims was withheld. Nor has petitioner shown that any withheld evidence was actually exculpatory. Thus, petitioner has not shown that the state courts acted unreasonably in rejecting her *Brady* arguments, and the Court therefore denies this claim.

### E. *Warrantless Search and Seizure*

In her fifth claim, petitioner claims that certain evidence should have been suppressed as the fruit of an illegal warrantless search and seizure of her car and certain telephones. Petitioner did not raise any issue regarding the seizure of phones on direct

appeal; therefore, she has failed to satisfy the exhaustion requirement with respect to any such claim.

The KCOA rejected her argument with respect to any search of her car. *See Pledger*, 2019 WL 2063903, at *8. The court ruled that petitioner had not preserved for appeal any issue concerning the trial court's denial of her motion to suppress because she did not object to the admission of the evidence at trial. *See id.* The court also rejected the argument on its merits, noting that there was testimony that a warrant had been issued and that petitioner had failed to cite evidence to rebut that testimony or evidence that the warrant was deficient. *See id.*

Because petitioner did not comply with a state-law rule to preserve this issue for appeal, federal review of the issue is not available. *See Cone v. Bell*, 556 U.S. 449, 465 (2009). Moreover, petitioner has not shown that she did in fact provide evidence necessary to prevail on this issue on appeal. Accordingly, the Court denies this claim for relief.

### F. *Prosecutor's Conflict of Interest*

For her sixth claim, petitioner argues that the special prosecutor at her trial acted under an impermissible conflict of interest for the following reasons: petitioner had been a prospective client of his relating to these charges; the father of one victim had been a client of the prosecutor; petitioner's bail bondsman had rented office space from the prosecutor; and the prosecutor and the trial judge had at one time worked together in the same office.

9

The fourth basis for a conflict listed above was not raised by petitioner on direct appeal. She has therefore failed to exhaust with respect to any such claim, which must therefore be denied.

The KCOA addressed the other three bases and found no conflict. *See Pledger*, 2019 WL 2063903, at *11-12. Specifically, the court concluded that petitioner had been only a prospective client, not an actual one, and therefore her consent was not required under Kansas's rules; that there was no evidence that petitioner had disclosed confidential information to the prosecutor; that the representation of the victim's father did not relate to petitioner's case, and thus no conflict arose; and there was no basis to find a conflict from the mere fact that the prosecutor had rented space to the bondsman. *See id.*

The KCOA decided the conflict issue under Kansas's rules. In her appellate brief, petitioner noted that the Supreme Court has required a disinterested prosecutor, but the case cited by petitioner in that brief was decided under ethical rules and statutes governing federal prosecutions. *See Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787 (1987). Thus, it is not clear that petitioner satisfied the exhaustion requirement for this claim by raising the issue of a federal violation in the state courts.

In her briefs to this Court, petitioner has invoked the constitutional right of due process. Even if it could be assumed that petitioner made a due process claim on appeal, however, she has not shown a right to relief here. Petitioner has not provided evidence to rebut the state courts' conclusions that she did not provide confidential information to the prosecutor and that his representation of the victim's father was not related to the prosecution. Thus, petitioner has not established any such basis for a conflict of interest.

10

The Court also agrees with the KCOA that there is no basis to find a disqualifying conflict from the business relationship with the bondsman. Thus, the Court concludes that petitioner has not shown that her trial was unfair because of the prosecutor's conflict of interest. *See United States v. Lilly*, 983 F.2d 300, 309 (1st Cir. 1992) (reviewing conflict claim for a violation of due process, which would require a violation of fundamental fairness that is shocking to the universal sense of justice). The Court therefore denies this claim.

### G. *Double Jeopardy*

In her seventh claim, petitioner argues that her sentence was multiplicitous in violation of the Constitution's Double Jeopardy Clause. In this claim, petitioner appears to be reasserting an issue raised on direct appeal. Petitioner also makes other arguments relating to her sentence that are unrelated to that issue, however, such as the lack of intoxication; the fact that she did not elude police or leave the scene; the fact that she faced no charges for traffic violations; her lack of intent; the absence of deadly weapons; her lack of prior convictions; and the fact that an insurer compensated the victims. These additional attacks on her sentence were not raised in petitioner's direct appeal; therefore, she has not exhausted her state-court remedies with respect to any such claim, which this Court therefore denies.

The KCOA held that the sentences were not multiplicitous because although they arose from a single course of conduct, the different charges required proof of different elements. *See Pledger*, 2019 WL 2063903, at *19-20. The court applied the same-elements test from *Blockburger v. United States*, 284 U.S. 299, 304 (1932), and noted that

the manslaughter charge required a killing while the battery charges required proof of great bodily harm. *See Pledger*, 2019 WL 2063903, at *19-20. Petitioner has not argued that the KCOA applied the wrong standard. *See Gamble v. United States*, 139 S. Ct. 1960, 1980 (2019) (noting that *Blockburger*'s rule based on statutory elements for double jeopardy purposes remains good law). Nor has petitioner shown that the KCOA applied that standard in an unreasonable manner. Indeed, petitioner has not addressed this test at all, and thus she has not disputed that her charges required proof of different elements. Accordingly, the Court denies this claim.

### H. *Judge Bias*

Finally, for the eighth claim in her petition, petitioner states only "Judge Michael Russell bias." For supporting facts, the petition refers the Court to her briefs, but those briefs do not address an eighth claim or any claim concerning the trial judge's bias. Thus, petitioner has entirely failed to support this claim for relief.

The KCOA rejected petitioner's appellate argument that the trial court should not have denied her motion for recusal of the trial judge without an evidentiary hearing. *See Pledger*, 2019 WL 2063903, at *7-8. Neither in her appellate brief nor in her briefs to this Court has petitioner explained how her trial judge was actually biased against her. Accordingly, petitioner has not shown a constitutional violation in this regard, and the Court denies any such claim based on bias. The Court denies the petition in its entirety.

## IV. <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.[3] "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  Because it is clear that petitioner is not entitled to relief on her habeas petition, the Court denies a certificate of appealability in this case.

## V. <u>Motion to Seal</u>

On October 27, 2021, petitioner filed a motion in which she requests that her current address be sealed in all federal and state records, including various Kansas state governmental websites.  Petitioner further requests that this Court order the District Court of Wyandotte County, Kansas, to seal records of her address.  Petitioner argues that such action is appropriate because of past threats to her safety.

The Court's jurisdiction in this matter is limited, however, and it therefore has authority to order the sealing only of the records of this Court in this case.  Petitioner has

---

[3] The denial of a Section 2254 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

13

not cited any basis for this Court to exercise jurisdiction over Kansas state governmental entities in the manner requested.[4] Thus, the Court denies the motion with respect to any records other than this Court's own records in this case.

In its response to the motion, the State has not addressed the issue of this Court's records or explained why the public interest requires that petitioner's address be unsealed in this case. Accordingly, in light of the threats cited by petitioner, the Court will grant the motion as it pertains to this Court's records, and petitioner's current address shall remain sealed in the records of this case.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for relief pursuant to 28 U.S.C. § 2254 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to seal (Doc. # 29) is **granted in part and denied in part**; the motion is granted with respect to the record of this case, and petitioner's current address will remain sealed, but the motion is otherwise denied.

---

[4] Petitioner states that her request is made pursuant to K.S.A. § 60-2617, but that statute only authorizes Kansas state courts to seal their records.

not cited any basis for this Court to exercise jurisdiction over Kansas state governmental entities in the manner requested.[4] Thus, the Court denies the motion with respect to any records other than this Court's own records in this case.

In its response to the motion, the State has not addressed the issue of this Court's records or explained why the public interest requires that petitioner's address be unsealed in this case. Accordingly, in light of the threats cited by petitioner, the Court will grant the motion as it pertains to this Court's records, and petitioner's current address shall remain sealed in the records of this case.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for relief pursuant to 28 U.S.C. § 2254 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to seal (Doc. # 29) is **granted in part and denied in part**; the motion is granted with respect to the record of this case, and petitioner's current address will remain sealed, but the motion is otherwise denied.

---

[4] Petitioner states that her request is made pursuant to K.S.A. § 60-2617, but that statute only authorizes Kansas state courts to seal their records.

IT IS SO ORDERED.


Dated this 12th day of November, 2021, in Kansas City, Kansas.


                                        *s/ John W. Lungstrum*
                                        John W. Lungstrum
                                        United States District Judge